EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* NICANOR FERRER, acusado y apelante.

No. 4630.—*Sometido:* Marzo 17, 1932. *Resuelto:* Mayo 27, 1932.

*Pedro E. Anglade,* abogado del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Nicanor Ferrer apela de la sentencia que lo condena por delito de homicidio involuntario ocurrido mientras manejaba un automóvil con el cual dió un golpe al ser humano Juan Alvino, que murió a consecuencia del mismo.

Uno de los motivos alegados para sostener la apelación es por haber permitido el tribunal inferior que el fiscal leyera al jurado la declaración de Ana Luisa Colón.

Después de haber declarado Ana Rodríguez que ella y Ana Luisa Colón fueron del barrio Coquí, de Salinas, donde vivían, a Guayama, de donde regresaban para su barrio en el automóvil que guiaba Nicanor Ferrer, yendo ambas en el asiento de atrás y un hombre al lado de Nicanor Ferrer, el fiscal llamó como testigo a Ana Luisa Colón la que declaró que había ido a Guayama y regresaba para el barrio Coquí de Salinas; que iba con Ana Rodríguez en el automóvil guiado por Nicanor Ferrer y que sabe donde queda el puente de Jobos. Preguntada si oyó algo en ese puente contestó que sí que en la curva él tocó *klaxon* pero después no tocó más y que después de la curva "fué que pasó eso." Preguntada nuevamente qué fué lo que pasó, respondió "Pues que él tocó *klaxon* cuando iban." Entonces ocurrió lo que pasamos a copiar:

"P.—¿Qué fué lo que pasó después que pasó la curva, dígale a aquellos señores, al jurado, Ud. no quiere declarar, le han dicho a Ud. que no declare, hable?

"Juez.—(P) Conteste a las preguntas que se le están haciendo,

aquí no vino a que la vean sino a declarar la verdad de lo que sepa, hágale la pregunta.

"Fiscal.—(P) ¿Ud. vió alguna persona en la carretera después de haber pasado la curva del puente? R.—No, señor.

"P.—¿No vió ninguna persona? R.—No, señor.

"P.—¿Pasó allí algo con motivo del carro? R.—Pasó, lo único que pasó que. . . . .

"P.—Siga, ¿le han dicho a Ud. que no declare en ese sentido?

"Juez.—(P) ¿Vamos a ver, qué fué lo que pasó, Ud. no tiene ojos para ver y oídos para oír, a ver, qué fué lo que pasó?

"Fiscal.—(P) ¿Ud. ha declarado antes de ahora ante el fiscal que le habla, Ud. ha declarado antes de ahora? R.—Sí, señor.

"P.—¿Cuándo, no recuerda haber declarado ante mí cuando pasó eso? R.—Declaré, sí.

"P.—¿Por qué entonces no declara ahora lo mismo que Ud. declaró entonces?

"Defensor.—Lo mismo no, que declare lo que sea verdad de lo que ocurrió allí.

"Fiscal.—Si no declara se perjudica.

"Defensor.—Que declare lo que realmente pasó.

"Juez.—Vamos a ver, continúe preguntando el fiscal.

"Fiscal.—P.—¿El carro pisó a alguna persona durante el camino? R.—Pues pisó, sí.

"P.—¿A quién? R.—Pues el señor ése.

"P.—¿A qué señor, Ud. lo conoce, sabe cómo se llama él o no lo conoce, diga sí o no? (No contesta.)

"P.—¿Qué carro fué el que pisó a ese individuo, cuál carro fué? (No contesta.)

"Fiscal.—Señor juez, vea la actitud rebelde de la testigo de no contestar las preguntas del fiscal.

"Juez.—Conteste la pregunta que le hace el fiscal, ¿qué carro fué, no sabe?

"Fiscal.—En este caso voy a recordarle a la testigo las manifestaciones hechas anteriormente.

"Defensor.—Voy a oponerme a eso por lo siguiente: porque aquí no se ha demostrado que la testigo haya olvidado lo que declaró entonces, segundo, porque cuando se hizo la investigación el acusado no estaba presente.

"Juez.—No tiene que estar presente el acusado en la investigación."

"Defensor.—Si él trae esas preguntas sin nosotros estar presen-

tes en el momento de hacerlas a nosotros no se nos dió oportunidad de repreguntar a la testigo.

"Juez.—Es una investigación privada que hace el fiscal, aquí es el juicio donde tiene que estar presente el acusado, ésas son investigaciones privadas de él.

"Defensor.—Entonces nosotros tomamos respetuosamente excepción a la resolución de la corte por entender que aquí no se ha demostrado que la testigo haya olvidado lo que declaró ante el fiscal y muy al contrario el fiscal ha demostrado por sus gestos y por sus frases de que la testigo está en actitud rebelde, y a nuestro juicio la corte y el fiscal tienen medios para obligarla a declarar y utilizando esos medios quedarían a salvo los derechos del acusado.

"Fiscal.—(P) ¿Ud. declaró ante mí, verdad? R.—Sí, señor.

"Defensor.—Además, nosotros vamos a hacer otra objeción y es la siguiente: de que la testigo no ha declarado nada en contrario de lo que declaró anteriormente ante el fiscal y de la única manera que el fiscal podría traer eso como prueba en este caso sería para impugnar la veracidad de la testigo.

"Fiscal.—Ya precisamente ha dicho la ley y la jurisprudencia que precisamente en estos casos cuando el testigo es rebelde es cuando el fiscal puede recordarle al testigo si ha hecho manifestaciones anteriores con respecto a aquello que se le pregunta y no quiere contestar, a pesar de la pregunta, que es precisamente un caso como éste.

"Juez.—La testigo no está contestando a las preguntas del fiscal, por tanto, la corte admite la prueba.

"Defensor.—Tomamos excepción respetuosamente."

Después de lo transcrito el fiscal leyó a la testigo ante el jurado la declaración que ella había prestado ante él y cuando terminó su lectura preguntó a la testigo si había declarado eso ante él contestándole ella que sí, con lo que el fiscal dió por terminado el interrogatorio de esa testigo.

Como hemos visto la testigo dijo que después de la curva fué "que pasó eso," y el hecho de que a la pregunta sobre lo que pasó contestara que él tocó el *klaxon* cuando iba, nos parece que no justifica que el fiscal la increpara diciéndole si no quería declarar, si le habían dicho que no declarase. Ella estaba contestando las preguntas que se le hacían.   Tam-

poco estuvo ajustado a la ley el fiscal al decir a la testigo por qué no declaraba ahora lo mismo que declaró ante él, pues lo que un testigo debe declarar en el juicio es la verdad y no lo que hubiese declarado ante el fiscal, si no había dicho la verdad ante él. Ciertamente que ella después de declarar que el automóvil pisó a una persona no contestó a la pregunta que se le hacía para que dijera cómo se llamaba esa persona y si no la conocía; y también dejó de contestar cuál automóvil fué el que pisó a esa persona, pero tal falta de contestación, explicable por la situación en que debió encontrarse la testigo en aquel momento a virtud de la manera, como se le había venido preguntando, no justificó que se le leyera su declaración ante el jurado por el fundamento de refrescarle la memoria, pues esto lo permite el artículo 245 del Código de Enjuiciamiento Criminal en relación con el artículo 159 de la Ley de Evidencia para impugnar la veracidad de un testigo cuando ha hecho manifestaciones que no concuerdan con su actual declaración; y en los autos no encontramos nada que demuestre que estaba declarando de manera distinta a como lo había hecho ante el fiscal. En *El Pueblo* v. *Lafontaine,* 43 D.P.R. 23, se trancriben párrafos de la obra Underhill sobre evidencia criminal referentes a esta materia. Lo que en efecto se hizo en este caso fué prescindir de la declaración de la testigo y dejar en conocimiento del jurado la declaración que ella había prestado ante el fiscal, como prueba en el juicio de este caso. Ni siquiera se permitió a la testigo que explicase las contradicciones que hubiera entre sus dos declaraciones, si es que las había, como requieren los artículos citados. En verdad, la declaración prestada por Ana Luisa Colón ante el fiscal y no en el juicio, pues en realidad no declaró sobre la muerte imputada al acusado, quedó a la consideración del jurado para su veredicto y esto constituyó un error perjudicial para el acusado-apelante.

En vista de la conclusión a que hemos llegado no es necesario considerar los otros motivos del recurso.

*Debe revocarse la sentencia apelada y devolverse la causa para la celebración de un nuevo juicio.*

El Juez Asociado Señor Córdova Dávila no intervino.